UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>       Plaintiff,<br><br>  vs.<br><br>CHICAGO TITLE INSURANCE COMPANY, *et al.*,<br><br>       Defendants. | 3:19-CV-00649-RCJ-CLB<br><br>**ORDER** |

    There are currently close to two-hundred cases making their way through Nevada's state courts and this District in which a national lender has sued a title insurer for breach of an American Land Title Association ("ALTA") 1992 Form 1 lender's policy of title insurance, with either the ALTA 4/5 and 9 endorsements. In each of these cases, the lender contends (and the insurer disputes) that the title policy covers the lender for claimed losses stemming from HOA assessment lien foreclosures in violation of Nevada contract law. The instant action is one of these cases.

    In *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 ("*Wells Fargo II*"), the Ninth Circuit was considering one of these ALTA cases. On December 11, 2019, the parties stipulated to stay this case for all purposes pending the Ninth Circuit's disposition of *Wells Fargo II* before discovery had started. (ECF No. 9.) On December 23, 2019, this Court

entered that stipulation. (ECF No. 13.) On November 29, 2021, the Ninth Circuit issued its mandate in *Wells Fargo II*, and Plaintiff now moves to lift the stay in this case. (ECF No. 16.) Defendants oppose this motion through response and countermotion requesting this Court extend the stay until another one of these numerous cases is ruled upon by the Nevada Supreme Court, *PennyMac Corporation v. Westcor Land Title Insurance Company*, Nev. Sup. Ct. Case No. 83737 (Eighth Judicial Dist. Ct. Case No. A-18- 781257-C) ("*PennyMac*"). (ECF Nos. 17, 18.) These motions are fully briefed and ripe for this Court's review. (ECF Nos. 19, 20, 21.) For the reasons stated herein, the Court lifts the stay.

## LEGAL STANDARD

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). When considering entering such a stay, a court should consider three factors: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX*, 300 F.2d at 268).

## ANALYSIS

Applying the three factors identified by the Ninth Circuit in *Lockyer*, the Court exercises its discretion and lifts the stay:

### A. The possible damage which may result from the granting of a stay

Plaintiff would be prejudiced in the form of a delay in potential recovery. Courts recognize this form of prejudice to weigh against stays where, as here, there is not an "express finding[] that the respective stay[] would be of limited duration." *Singer v. Las Vegas Athletic Clubs*, 376 F.

Supp. 3d 1062, 1071 (D. Nev. 2019). This case has already been stayed for over two years waiting for the resolution of *Well Fargo II*, staying this case for another year or more while the Nevada Supreme Court considers similar issues in *PennyMac* is such a duration that prejudices Plaintiff. This factor therefore weighs in favor of lifting the stay now.

### B. The hardship or inequity which a party may suffer in being required to go forward

Defendants' only argument of hardship in lifting the stay is that the parties will incur fees and costs from litigating this case. This is insufficient for this factor to weigh in favor of a stay. A party "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer*, 398 F.3d at 1112. This factor therefore neither weighs in favor or against extending the stay.

### C. The orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay

The Court concludes that a further stay would not serve the orderly course of justice. The Ninth Circuit has already ruled upon these issues and the Court is not convinced that an order in *PennyMac* is imminent or that such an order will necessarily settle this matter.[1] The Court therefore finds that this factor favors lifting the stay.

### D. Totality of the factors

Factors A and C weigh in favor of proceeding with this case, and Factor B does not weigh in either way. Overall, the factors thus favor lifting the stay and proceeding with this case.[2]

///

---

[1] *PennyMac* is an appeal from an order granting summary judgment involving different parties, represented by different counsel, and is based on different (but similar) facts. While the case may clarify the issues, it is unlikely to completely resolve this case.

[2] Confirming this conclusion, all of the other judges in this District to consider this issue have declined to stay these ALTA cases because of the *PennyMac* appeal. (*See* ECF No. 20 at 2 n.1 (collecting cases).)

**CONCLUSION**

IT IS HEREBY ORDERED that Motion to Lift Stay (ECF No. 16) is GRANTED.

IT IS FURTHER ORDERED that Motion to Extend Stay (ECF No. 18) is DENIED.

IT IS FURTHER ORDERED that this case is no longer stayed.

IT IS SO ORDERED.

Dated August 24, 2022.

_____
ROBERT C. JONES
United States District Judge